Opinion of the court by
Judge Emmerson.
If a man hire a horse to ride to a certain place, he is authorised by the contract to put on the horse, in addition to his own •weight, any such reasonable baggage as it is usual lor men to carry on horseback, and such as a reasonable and prudent man would carry on his own horse; how much this would be, is a question for the jury to determine, from the circumstances of each particular case; — if this be not permitted, we must either say that the hirer is not authorized to carry a single pound of baggage of any description^ that he may carry some, but that there is no made of ascertaining how much, — shall he for instance, be permitted to carry $5, 100, 1000 or 2000.? Surely it will not be contended that, if a merchant hire a horse to ride on a collecting tour, or if an attorney hire a horse to ride to a court, that it is not understood in these cases that the first is to bring home with him the amount of his collections, and the latter the fees he may receive, unless in either case, the weight should be such as to injure the animal, and such as a prudent and careful man would think it unsafe to put on his own horse! If, however, an excessive weight be put on the horse, it will not amount to a *75 conversion, but will be an abuse of the animal for which, * />• . , i -• . '• ii injured by it, the owner may recover damagesm anaction on the case. By the contract of hiring, the hirer is hound to use the horse in a moderate and prudent manner; if the hiring be to ride, he must not ride immoderately.; if to work, he must not work the animal unreasonably, or in either case he will be liable in action on the case for the-damages resulting from his misconduct; but not for a con-, version, because the immoderate use of the animal during the time and in the mode stipulated by the contract, does not amount to the assertion of ownership and of a right distinct and different from that acquired by the contract; it may have resulted from ignorance or carelessness, without any design whatever to exceed the authority given by the owner. But when a hirer appropriates the horse to a use entirely different from the one for which he was hired, as if he ride him to a different place, or if hired to ride, put him in a waggon, he thereby assumes an authority entirely distinct from, and independent of that con-* ferred by the contract, and usurps the character of owner ; he does not an act which he had authority to do, in an unreasonable and injurious manner, but an act wholly unauthorized by the license of the owner, and is therefore guilty of a conversion.
The promise made by the defendant below to pay in case the horse could not be found, was not obligatory, unless, he was previously liable; it could only be used in this case as evidence of a conversion, which might be disproved by other evidence. Let the judgment be reversed and the cause remanded.
Judgment reversed.*
Whyte, Judge, dissented.

This cause came again before the eouit in 1825, when the same opinion was given.